**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4824**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PABLO TORRES-GARCIA, a/k/a Joel Noe
Hernandez-Moreno, a/k/a Jose Garcia-Salazar,
a/k/a Vicente Rojas-Farias,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Senior
District Judge. (1:06-cr-00062-WLO)

---

Submitted: October 15, 2007          Decided: October 30, 2007

---

Before WILKINSON, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Arnold L. Husser, Angela Hewlett Miller, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pablo Torres-Garcia pled guilty pursuant to a plea agreement to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) & (b)(2) (2000). The district court sentenced Torres-Garcia to 100 months' imprisonment, an upward departure of four months from the high end of Torres-Garcia's sentencing guidelines range of imprisonment. On appeal, Torres-Garcia's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but raising for the court's consideration whether the district court erred in imposing an upward departure. Torres-Garcia was informed of the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the advisory range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126

S. Ct. 2309 (2006).  Even if the sentence exceeds the advisory guideline range, it will generally be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible."  United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

If the court finds that a sentence within the guidelines does not serve § 3553(a) factors, it may impose a different sentence within statutory limits.  If that is the case, the court should first look "to whether a departure is appropriate based on the Guidelines Manual or relevant case law."  Moreland, 437 F.3d at 432.  The court must make factual findings, as appropriate or necessary to carry out its sentencing function, and in every case give the reasons for the sentence imposed, as well as reasons for particular deviations from the Sentencing Guidelines.  Green, 436 F.3d at 455.  This court must ask "whether the sentence was selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law."  Id. at 457.

A district court may depart upward from the guidelines range under U.S. Sentencing Guidelines Manual § 4A1.3 (2005) when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other

crimes." USSG § 4A1.3(a)(1). The guideline further directs that "[i]n a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B). Commentary to the guideline states that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3, comment. (n.2(B)).

Our review of the record shows the district court properly determined that Torres-Garcia's criminal history category under-represented his criminal history. It properly moved incrementally down the sentencing table to the next higher offense level and chose a sentence from within that range of imprisonment. We find no error.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Torres-Garcia's conviction and sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for

- 4 -

further review.  If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Torres-Garcia.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED